Kirkpatrick, C. J.
— You need not take any trouble on that point; the Court are all clearly of opinion, that whatever may have been the construction given to the former act, the late act for the punishment of crimes, will not warrant such a distinction.
*537 In reply, the counsel for the defendant said, that [*] as the Court were against them on that point, they should not contend for it; but insisted that the question put to the daughter, was proper, and relative to the issue, and that sa she had voluntarily testified to her own disgrace, she ought to have been compelled to have told all the circumstances connected with it; and that the question put to Mount, was legal and proper, and important as it respected damages.
Kirkpatrick, C. J.
— I am perfectly satisfied that the judge did right in both instances. The question put to the daughter, tended to add to her disgrace, to compel her to testify to her own infamy, and if adopted as a rule, would lead to the most disgraceful and pernicious consequences. The doctrine laid down by Mr. Swift, is not law; the distinction between what is connected with the issue, and what is not, is without foundation ; circumstanced as the witness Mount was, the answer in the affirmative to the question put to him, would have tended to his disgrace.
Rossell J.
— Was also of opinion, that the judge did right in protecting the witnesses; there could be no question as to the daughter; the question put to Mount was intended to disgrace the daughter, and if to disgrace her, it would tend to disgrace himself.
Pennington, J.
— I never had any doubt with respect to the question put to the daughter. Those unhappy young women who have been so unfortunate as to be seduced, are brought into court under the most distressing circumstances, and from the necessity of the case are called upon to testify to their own shame. It is true, they may refuse to answer, hut this would be to defeat thc just pursuits of a father whom they have already offended. Under those circumstances, to compel them under the taunting questions put to them by the counsel for the defendant, to answer to every indiscretion of their lives, would not only militate against the benignant maxims of our laws, that no [*] one shall be compelled to accuse themselves, or answer to such questions, the answer to which would tend to stigmatize or dishonor them; but w ould be against public policy, as having a tendency to discourage the action brought by the injured parent, and would often lead to perjury. Since the trial, however, I have had some doubt whether I did not go too far in the case of the witness Mount; not that I ever entertained any doubt of the principle of law, but whether it was correctly applied. The witness presented to my mind a very plausible case, to which I immediately yielded; and I am not yet altogether satisfied that the answer to the question in the affirmative, tended so much to disgrace the witness as to entitle him to protection; *538 but l incline to think it did. But whether I was right or not, I am satisfied that an answer in the affirmative would not have diminished the damage a cent. In fact, the defendant, in my opinion, has no cause to complain of the amount of damages. If I had been on the jury, I should have thought it my duty to have given twice as much. There was a transaction that took place at this trial, that is proper at this time to notice, which had very much the appearance of management; not that I suspect the counsel for the defendant had any share in it, as I believe them men of too much honor to countenance any thing of the kind. The defence was opened with a charge of public lewdness against the daughter, that she had been connected with a great many young men in the neighborhood. Three or four young men were then called in, one after the other, who were severally asked if they had had criminal connexion with Mary Vaughn. The witness hesitates, seems unwilling to answer, and finally craves the protection ofike Court. At length one is introduced, and the same Question put to him; when he answers promptly, that he had not, The defendant must have examined his witnesses before-hand, and known whether they would answer the question or not. I charged the jury to disregard the whole [*’] thing, but from the smallness of the damages, I am i ery apprehensive that it had some effect on their minds. A new trial refused unanimously.